**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

DANIEL ST. CLAIR,

    Plaintiff,

v.

BUILDING AIR SERVICES, INC.,
STEPHEN BOOSE, and JASON
JENKINS,

    Defendants.

Civil Action No.:

**JURY TRIAL DEMANDED**

## COMPLAINT FOR DAMAGES

Plaintiff, Mr. Daniel St. Clair ("Plaintiff" or "Mr. St. Clair") submits the following Complaint against Defendants Building Air Services, Inc. ("BAS"), Stephen Boose ("Defendant Boose"), and Jason Jenkins ("Defendant Jenkins"):

## INTRODUCTION

1.

This is a case involving both claims under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA"), and state-law claims for false/malicious arrest, malicious prosecution, defamation, intentional infliction of emotional distress, unjust enrichment, which arise out of Mr. St. Clair's termination by BAS.

## PARTIES

2.

Plaintiff is a resident of in the State of Georgia.

3.

At all relevant times, Plaintiff was an "employee" of Defendant within the meaning of the FLSA. 29 U.S.C. §203(e).

4.

At all relevant times, Defendants BAS and Boose were "employers" of Plaintiff within the meaning of the FLSA. 29 U.S.C. §203(d).

5.

Defendant Boose is the President of Defendant BAS. Upon information and belief, at all times material to this complaint, Defendant Boose has managed and/or operated BAS and as its President, he has regularly exercised the authority to hire and fire employees, determine the work schedules of employees, set the pay rate of employees, and control the finances and operations of Defendant BAS. By virtue of such control and authority, Defendant Boose is an employer of Plaintiff and other similarly situated employees as defined by the FLSA. 29 U.S.C. §203(d).

6.

Defendant BAS is a Florida corporation licensed to do business in Georgia. Defendant BAS maintains its principal place of business at 6785 114th Avenue, Largo, FL, 33773. Defendant is subject to the jurisdiction of this Court and may be served with process by personal service upon its registered agent, Joseph Aurora, 6689 Peachtree Industrial Blvd, Unit B, Gwinnett County, Norcross, GA, 30092.

7.

Based upon information and belief, the annual gross sales volume of Defendant BAS has been in excess of $500,000 per annum at all times material to this Complaint.

8.

Defendant Boose is a resident of the State of Florida who resides at 6216 63rd Lane, Pinellas Park, Florida 33781.

9.

Defendant Jenkins is a resident of the State of Florida who resides at 7007 Mills Avenue, Jacksonville, Florida 32211.

10.

Defendant Boose and Defendant Jenkins are subject to the jurisdiction of

this Court through Georgia's long arm statute, O.C.G.A. § 9-10-91.

11.

At all times material to this Complaint, including but not necessarily during the three (3) year statute of limitations period for Plaintiff's FLSA claims, Defendant BAS had two (2) or more employees who regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce.

12.

At all times material to this Complaint, including but not necessarily during the three (3) year statute of limitations period for Plaintiff's FLSA claims, Defendant BAS constituted an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

**JURISDICTION AND VENUE**

13.

Plaintiff's FLSA claim present federal questions over which this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

14.

This Court has jurisdiction over Plaintiff's state-law claims pursuant to diversity jurisdiction, 28 U.S.C. § 1332.

15.

For purposes of diversity, Plaintiff is a citizen of Georgia. Defendant Boose and Defendant Jenkins are citizens of Florida. Defendant BAS is a Florida Corporation with its headquarters in Florida and is considered a citizen of only Florida for diversity purposes. Plaintiff's state-law claims are valued in excess of $75,000.00. *See e.g. Turnage v. Kasper*, 704 S.E.2d 842, 307 Ga. App. 172 (2010).

16.

Defendant BAS maintains its registered office in Gwinnett County, Georgia, and Plaintiff was falsely arrested and prosecuted in Cobb County, Georgia. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims in this Complaint occurred within this District.

## FACTS

17.

Defendant St. Clair began working for Defendant BAS on or about March 2015 as a service technician.

18.

Defendant BAS is engaged in the business of providing HVAC and

Refrigeration maintenance and repair in commercial settings. Defendant BAS operates in at least eight states, including Georgia.

19.

At all times relevant hereto, Mr. St. Clair was an employee of Defendant BAS until his termination on or about May 25, 2016.

20.

Defendants employ non-exempt service technicians who provide maintenance and repair for HVAC and refrigeration equipment in commercial settings.

21.

At all relevant times, Defendant BAS and Defendant Boose have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s) and the supporting Department of Labor regulations.

22.

Mr. St. Clair worked for Defendant BAS as a service technician.

23.

As part of his job as a service technician, Mr. St. Clair had full time use of a van owned by Defendant BAS (the "BAS Truck"), which Mr. St. Clair kept at his

home.

24.

Additionally, Mr. St. Clair carried approximately $10,000 worth of his personal tools on the BAS Truck, which he used to perform his job with Defendant BAS. These tools weighed hundreds of pounds.

25.

During his time at Defendant BAS, Mr. St. Clair developed the reputation for being one of the Defendant BAS's top service technicians in the State of Georgia.

**<u>Defendant BAS and Boose's Practices Regarding Pay</u>**

26.

Mr. St. Clair routinely worked in excess of 40 hours per workweek and was a non-exempt employee under the FLSA.

27.

Mr. St. Clair would start his workday from his home, where he would drive directly to his first service call at a customer's location. He would then continue making service calls, visiting various customer locations. At the end of his workday, after his last service call, Mr. St. Clair would drive home.

7

28.

Mr. St. Clair would visit different customers and different customer locations every day as he was making service calls for repairs and maintenance.

29.

Regardless of the time that Mr. St. Clair actually worked, which was reflected in the time sheets that he submitted or the GPS tracking device in his work truck, Defendants routinely deducted ninety minutes of compensable time that Plaintiff actually worked from his compensation when he worked eight hours or more.

30.

Defendants' policy, pattern, and/or practice was to deduct ninety minutes of compensable time when Plaintiff and other similarly situated employees worked in excess of forty hours per workweek in violation of the FLSA.

31.

Defendants BAS and Boose assigned all of the work that Plaintiff performed, and/or have been aware of it. The exact number of jobs completed by Plaintiff, and the locations he traveled to, can be ascertained from Defendant BAS and Defendant Boose's records, including but not limited to the GPS records created by a GPS tracking device in the work truck used by Mr. St. Clair .

32.

Throughout Plaintiff's employment, Defendant BAS and Defendant Boose had knowledge of the hours Plaintiff worked in excess of forty (40) hours per week as a non-exempt employee for the benefit of Defendants but they nonetheless willfully failed to compensate Plaintiff for all the time he worked, instead accepting the benefits of the work performed by Plaintiff without overtime compensation required by the FLSA.

33.

Defendant BAS required that service technicians keep their work trucks clean and organized.

34.

Every other Saturday, Mr. St. Clair would spend approximately four to five hours cleaning and organizing the BAS Truck.

35.

Defendants BAS and Boose would not compensate Mr. St. Clair for the time that he spent cleaning and organizing the BAS Truck, in violation of the FLSA.

36.

Defendant BAS and Defendant Boose's unlawful conduct as described above was willful and/or in reckless disregard of the applicable wage and hour

laws and pursuant to Defendant BAS' centralized, company-wide policy, pattern, and/or practice of attempting to minimize labor costs by violation the FLSA.

## Mr. St. Clair's Termination

37.

On or about May 23, 2016, the Regional Manager for Defendant BAS, Defendant Jenkins, requested to meet Plaintiff at a local International House of Pancakes Restaurant ("IHOP") located at 179 Cobb Parkway South, Marietta, Cobb County, Georgia on or about May 25, 2016.

38.

Mr. St. Clair, Defendant Jenkins, and Mark Torrone, another employee of Defendant BAS who was the Branch Manager for Georgia, were present at this May 25, 2016 meeting.

39.

At the meeting, Defendant Jenkins informed Mr. St. Clair that he was terminated immediately.

40.

Defendant Jenkins instructed Mr. St. Clair to unload his tools from the BAS Truck, immediately turn over the truck, and a cab would be called to take him and his tools home.

41.

Defendant Jenkin's request of Mr. St. Clair was contrary to Defendant BAS's standard practice to either allow the technician to take their work truck home or have the termination meeting at Defendant BAS's shop.

42.

Not wanting to unload $10,000 worth of personal tools that weighed hundreds of pounds in an IHOP parking lot, Mr. St. Clair refused the request.

43.

As an alternative, Defendant Jenkins said he would take the truck and Defendant BAS would mail Mr. St. Clair's tools to him.

44.

Mr. St. Clair refused and demanded that he be able to take the BAS Truck home, as was customary, so that he could ensure the safe keeping and proper handling and accounting of all of his tools.

45.

The BAS Truck was equipped with GPS, which monitored the location of the BAS Truck 24 hours per day. Both Mr. St. Clair and Defendant Jenkins were aware of the GPS monitoring.

46.

Defendant Jenkins finally consented and told Mr. St. Clair that he could take the BAS Truck home so that he could unload his tools at home.

47.

Mr. St. Clair then left the IHOP parking lot and drove directly home.

48.

Shortly after Mr. St. Clair left, Defendant BAS had Mr. St. Clair's work cell phone disconnected.

49.

Shortly after Mr. St. Clair left the IHOP parking lot, Defendant Jenkins called Defendant BAS. Immediately after that call, Defendant Jenkins called the police to report that Mr. St. Clair had stolen the BAS Truck.

50.

Upon information and belief, Defendant Boose instructed Defendant Jenkins to call the police and report the BAS Truck as stolen.

51.

Defendant Jenkins' report to the police that Mr. St. Clair had stolen the BAS Truck was false as he had just given Mr. St. Clair permission to take the truck home.

52.

Members of the Marietta police department arrived at the IHOP parking lot and interviewed Defendant Jenkins and Mr. Torrone.

53.

Mike Torrone informed the officers that Defendant Jenkins had said that Mr. St. Clair could take the BAS Truck home.

54.

After the police officers left the IHOP parking lot, Mr. Torrone and Defendant Jenkins proceeded to Mr. St. Clair's house to collect the BAS Truck.

55.

En route to Mr. St. Clair's house, the police department contacted Mr. Torrone on his cell phone. He explained that his employer wanted to press charges against Mr. St. Clair; however, Mr. St. Clair had permission to take the BAS Truck home.

56.

Within minutes of Mr. St. Clair arriving home, approximately five police officers arrived at his home.

57.

The police officers handcuffed Mr. St. Clair in his front yard.

58.

Mr. St. Clair stood handcuffed in his front yard, in view of his neighbors and children returning from school, for approximately forty minutes as the police officers had a conference call to decide how to proceed.

59.

Defendant Boose was on the conference call with the police. Defendant Boose insisted that Mr. St. Clair be arrested for stealing the BAS Truck even though Mr. Torrone had told the police that Defendant Jenkins had said that Mr. St. Clair could take the BAS Truck home.

60.

Mr. St. Clair was arrested and taken into custody on or about May 25, 2016.

61.

Mr. St. Clair was indicted for the felony of theft by taking for allegedly stealing the BAS Truck.

62.

On or about December 1, 2016, the indictment against Mr. St. Clair was dismissed by a Nolle Prosequi.

63.

At the time of Mr. St. Clair's termination by Defendant BAS, he had earned

40 hours of vacation.

64.

Defendant BAS failed to compensate Mr. St. Clair for these 40 hours of vacation that he had earned.

**COUNT I**
**FAIR LABOR STANDARDS ACT:  UNPAID OVERTIME WAGES**
**(As to Defendant BAS and Defendant Boose)**

65.

Plaintiff incorporates paragraphs 1 through 64 by reference as if set forth fully herein.

66.

At all relevant times, Defendants BAS and Boose employed Plaintiff within the meaning of the FLSA.

67.

The overtime wage provisions set forth in the FLSA apply to Defendants BAS and Boose and Plaintiff.

68.

As a result of Defendants BAS and Boose's willful failure to compensate Plaintiff at a rate not less than 1 ½ times the regular rate of pay for work performed

in excess of 40 hours in a workweek, as well as for all hours worked by him, Defendants BAS and Boose have violated the FLSA, 29 U.S.C. §§ 201, et seq.

69.

As a result of Defendants BAS and Boose's willful failure to record, report, credit and/or compensate Plaintiff, Defendants BAS and Boose have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment, in violation of the FLSA, 29 U.S.C. §§ 201, et seq.

70.

As a result of Defendants BAS and Boose's actual knowledge, that Plaintiff was performing work in excess of 40 hours per workweek, and Defendants BAS and Boose's policy and practice of docking Plaintiff 90 minutes per day, Defendants BAS and Boose willfully violated the FLSA.

71.

Because Defendants BAS and Boose's violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

72.

Defendants BAS and Boose did not make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

73.

As a result of Defendants BAS and Boose's FLSA violations, Plaintiff is entitled to recover from Defendants BAS and Boose: (a) unpaid overtime wages for all of the hours worked by him, as overtime compensation, (b) unpaid "off the clock" work performed by him; (c) liquidated damages for Defendants' willful violations of the FLSA, and (d) the unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**FALSE/MALICIOUS ARREST**
**(As to All Defendants)**

74.

Plaintiff incorporates paragraphs 1 through 64 by reference as if set forth fully herein.

75.

Defendant BAS's employee, Defendant Jenkins, reported to the police that Mr. St. Clair had stolen the BAS Truck, and Defendant Jenkins made this statement with malice and complete disregard for the fact that he had given Mr. St. Clair permission to take the BAS Truck home.

76.

At all times relevant hereto, Defendant Jenkins was acting within the course and scope of his employment with Defendant BAS, and his actions were ratified by Defendant BAS.

77.

On a telephone call with police, Defendant Boose insisted that Mr. St. Clair be arrested and charged with stealing the BAS Truck even though Defendant Jenkins had given Mr. St. Clair permission to take the BAS Truck home.

78.

Defendants caused Mr. St. Clair to be arrested without probable cause and such actions were malicious.

79.

Mr. St. Clair is entitled to recover damages under O.C.G.A. § 51-7-1.

80.

As a result of Defendant's actions, Mr. St. Clair suffered damages in an amount to be proven at trial, and is entitled to recover damages, including compensatory damages, punitive damages, and expenses of litigation and attorney's fees, because of Defendants' bad faith.

## COUNT III
## WRONGFUL PROSECUTION
### (As to All Defendants)

81.

Plaintiff incorporates paragraphs 1 through 64 by reference as if set forth fully herein.

82.

Defendant BAS's employee, Defendant Jenkins, reported to the police that Mr. St. Clair had stolen the BAS Truck, and Defendant Jenkins made this statement with complete disregard for the fact that he had given Mr. St. Clair permission to take the BAS Truck home.

83.

At all times relevant hereto, Defendant Jenkins was acting within the course and scope of his employment with Defendant BAS, and his actions were ratified by Defendant BAS.

84.

On a telephone call with police, Defendant Boose insisted that Mr. St. Clair be arrested and charged with stealing the BAS Truck even though Defendant

Jenkins had given Mr. St. Clair permission to take the BAS Truck home.

85.

Defendants' caused Mr. St. Clair to be arrested and prosecuted for a felony without probable cause, and such actions were malicious.

86.

The charges against Mr. St. Clair were dismissed on or about December 1, 2016.

87.

Mr. St. Clair is entitled to recover damages under O.C.G.A. § 51-7-40.

88.

As a result of Defendant's actions, Mr. St. Clair suffered damages in an amount to be proven at trial and is entitled to recover damages, including compensatory damages, punitive damages, and expenses of litigation and attorney's fees, because of Defendants' bad faith.

**<ins>COUNT IV</ins>**
**DEFAMATION**
**(As to All Defendants)**

89.

Plaintiff incorporates paragraphs 1 through 64 by reference as if set forth fully herein.

90.

Defendant Boose and Defendant Jenkins accused Plaintiff of committing a crime by alleging that he stole the BAS Truck.

91.

At all relevant times, Defendant Boose and Defendant Jenkins were acting in the course and scope of their employment with Defendant BAS, and Defendant BAS is vicariously liable for the actions of the individual defendants.

92.

The aforementioned statements by Defendant Boose and Defendant Jenkins published to officers with the Marietta Police Department and possibly other individuals.

93.

The aforementioned statements by Defendant Boose and Defendant Jenkins were made with the knowledge that the statements were false, were made with reckless disregard as to the falsity of the statement, and were published with malice.

94.

The aforementioned statements by Defendant Boose and Defendant Jenkins

were false and untrue, and defamed Plaintiff.

95.

The aforementioned statements injured Plaintiff's reputation by, for example, charging Plaintiff with a crime punishable by law and injuring Plaintiff in his profession or trade.

96.

These statements by Defendant Boose and Defendant Jenkins were ratified by Defendant BAS.

97.

Statements by Defendant Boose and Defendant Jenkins constitute defamation under O.C.G.A. § 51-5-4.

98.

These defamatory statements caused injury to Plaintiff, and Plaintiff is entitled to recover damages in an amount to be proven at trial, including compensatory damages, punitive damages, and expenses of litigation and attorney's fees, because of Defendants' bad faith.

## COUNT V
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (As to All Defendants)

99.

Plaintiff incorporates paragraphs 1 through 64 by reference as if set forth fully herein.

100.

Defendant Boose and Defendant Jenkins's actions in having Mr. St. Clair arrested and prosecuted for the felony of theft by taking, even though Defendant Jenkins had given Mr. St. Clair permission to take the BAS Truck home after his termination, were intentional, malicious, reckless, extreme and outrageous, and were undertaken with a specific intent to cause harm to Plaintiff.

101.

Defendant Boose and Defendant Jenkins's actions were done in the course and scope of their employment with Defendant BAS and were ratified by, condoned, and adopted by Defendant BAS, making it also liable to Plaintiff for the same.

102.

Defendants' actions caused Mr. St. Clair emotional distress that was severe, and subjected him to embarrassment, humiliation, degradation, and ridicule.

103.

The acts complained of herein were undertaken in bad faith and with willful and wanton disregard for Plaintiff's rights.

104.

Mr. St. Clair is entitled to damages for Defendants' intentional infliction of emotional distress in an amount to be determined at trial, including compensatory damages, punitive damages, and expenses of litigation and attorney's fees, because of Defendants' bad faith.

## COUNT VI
## UNJUST ENRICHMENT
### (As to Defendant BAS)

105.

Plaintiff incorporates paragraphs 1 through 64 by reference as if set forth fully herein.

106.

On or before May 25, 2016, Plaintiff had earned and accrued 40 hours of vacation time with Defendant BAS that he had not yet taken.

107.

After terminating Plaintiff, Defendant BAS failed to pay Mr. St. Clair his 40

hours of vacation time.

108.

Defendant BAS has unjustly enriched itself by failing to compensate Plaintiff for the 40 hours of vacation that he had earned and accrued.

109.

Accordingly, Plaintiff is entitled to damages in an amount to be proven at trial.

**<u>COUNT VII</u>**
**ATTORNEY'S FEES**

110.

Plaintiff incorporates paragraphs 1 through 64 by reference as if set forth fully herein.

111.

Plaintiff is entitled to attorney's fees and costs under the FLSA.

112.

Additionally, every intentional tort invokes a species of bad faith that entitles a person wronged to recover the expenses of litigation and attorney's fees under O.C.G.A. § 13-6-11.

113.

Defendants have acted in bad faith. Defendants have also been stubbornly litigious and have caused Plaintiff unnecessary trouble and expense. Accordingly, Plaintiffs are entitled to expenses of litigation, including attorney's fees, under O.C.G.A. § 13-6-11.

## COUNT VIII
## PUNITIVE DAMAGES

114.

Plaintiff incorporates each and every preceding paragraph herein by reference as if set forth fully herein.

115.

Through Defendants' tortious acts, Defendants showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care, which would raise the presumption of conscious indifference to consequences. Accordingly, Plaintiff is entitled to punitive damages under O.C.G.A. § 51-12-5.1 in order to punish, penalize, or deter Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands a **TRIAL BY JURY** and that the following relief be granted:

A.    That the Court take jurisdiction of this matter;

B.    That process be served;

C.    That the Court award Plaintiff damages under the FLSA equal to the amount of hours worked but not compensated at the rate of 1 ½ times Plaintiff's rate of pay;

D.    An award of pre-judgment and post-judgment interest;

E.    That the Court award Plaintiff liquidated damages pursuant to the FLSA, 29 U.S.C. § 216;

F.    That the Court award Plaintiff compensatory damages for Defendant's false/malicious arrest, malicious prosecution, defamation, and intentional infliction of emotional distress;

G.    That the Court award Plaintiff an amount equal to 40 hours of pay to compensate Plaintiff for his earned and accrued vacation time;

H.    That the Court award Plaintiff his attorney's fees and costs of litigation;

I.    That the Court award Plaintiff punitive damages;

J.    That the Court grant to Plaintiff the right to have a trial by jury on all issues triable to a jury; and

K.    That the Court grant such additional relief as the Court deems proper and just.

Respectfully submitted this day 23rd day of May, 2017.

**BUCKLEY BEAL, LLP**

By:    */s/Nicholas P. Smith*
Nicholas P. Smith
Georgia Bar No. 142303
nsmith@buckleybeal.com
Rachel Berlin
Georgia Bar No. 707419
rberlin@buckleybeal.com

Buckley Beal LLP
1230 Peachtree Street NE
Promenade, Suite 900
Atlanta, GA  30309
Telephone: (404) 781-1100
Facsimile:  (404) 781-1101

*Counsel for Plaintiff*